UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ROBERT W. HURST, | ) |
| Plaintiff, | ) Civil Action No. 11-68-KKC |
| V. | ) |
| DEBORAH A. HICKEY, WARDEN, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On February 11, 2011, plaintiff Robert W. Hurst filed this civil rights action alleging that medical staff at the Federal Medical Center in Lexington, Kentucky violated his Eighth Amendment rights by failing to adequately treat a spinal condition. [R. 2] On May 22, 2012, the defendant moved to dismiss the complaint for failure to state a claim, or in the alternative, for summary judgment. [R. 12] The motion included certification that it was mailed to Hurst at the prison. [R. 12 at 2]

Hurst's response was due on June 12, 2012. LR 7.1(c). When he failed to file any response, on June 18, 2012, the Court entered an Order reminding Hurst that it was past due, granted him an additional 21 days to file his response. The Order expressly warned him that the Court would dismiss his complaint for failure to prosecute if he did not file a timely response. [R. 16] The extended deadline of July 9, 2012, has again come and gone without response from Hurst.

Federal courts have inherent authority to dismiss an action on its own initiative if a party fails to prosecute or fails to comply with a court order, the Federal Rules of Civil Procedure, or the court's own local rules. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). A court considers four factors in determining whether to dismiss an action for failure to prosecute:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The first and third factors favor dismissal because Hurst's failure to respond is intentional. The defendant's motion was delivered to Hurst at FMC-Lexington, and it was not returned as undeliverable by the Postal Service.[1] Further, the Court expressly advised Hurst both that he needed to respond to the motion, extended his time to do so, and warned him that his case would be dismissed if he did not. Hurst's persistent silence indicates that he does not intend to comply. The second factor also warrants dismissal of Hurst's claims because the defendants have expended considerable time and resources to defend this action. Hurst has failed to respond to the defendants' motion and otherwise diligently prosecute this action.

Accordingly, it is **ORDERED** as follows:

1. The defendant's motion to dismiss, or in the alternative, for summary judgment [R. 12] is **DENIED** as **MOOT**.

2. Robert W. Hurst's complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

3. This matter is **STRICKEN** from the Court's active docket.

Dated this 16th day of July, 2012.



**Signed By:**

*Karen K. Caldwell* KKC

**United States District Judge**

---

[1] Hurst has remained confined at FMC-Lexington throughout this period. See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=31168-160&x=84&y=8 (last visited on July 16, 2012).